J-S52017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE MIGUEL GARCIA | |
| Appellant | No. 316 MDA 2017 |

Appeal from the PCRA Order January 17, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005594-2002

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                          **FILED AUGUST 03, 2017**

Jose Miguel Garcia appeals *pro se* from the trial court's order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  He asserts that the mandatory minimum provision applied to his sentence makes his sentence illegal.  After careful review, we affirm.

Garcia entered a negotiated guilty plea to third-degree murder and related offenses on November 17, 2003.  Garcia was sixteen years old at the time he committed the offenses.  Garcia was sentenced to 20-40 years' imprisonment; he did not file post-sentence motions or a direct appeal.  On March 15, 2016, Garcia filed the instant PCRA petition seeking to withdraw his guilty plea based on the rights espoused in the United States Supreme Court decisions, ***Miller v. Alabama***, 132 S.Ct. 2455 (2012) and

***Montgomery v. Louisiana***, 136 S.Ct. 718, 736 (filed Jan. 25, 2016).[1] On

January 17, 2017, the court dismissed his petition. He filed a timely appeal.

On appeal, Garcia raises the following issues for our review:

(1) Does not the decision of the Pennsylvania Supreme Court in ***Commonwealth v. Vasquez***, 744 A.2d 1284 (Pa. 2000), which held that non-compliance with Pa.R.Crim.P.[] . . .1410 and [] 42 Pa.C.S.A. § 5505 creates no bar to reviewing the application by the trial court of 42 Pa.C.S. § 9714?

(2) Does not the recent decision of the United States Supreme Court in ***Alleyne v United States***, 133 S.Ct. 2151 (2013), and its progeny, ***Commonwealth v. Newman***, 99 A.3d 86 ([Pa. Super.] 2014), including ***Commonwealth v. Wat[le]y***, 81 A.3d 108, 117 (Pa. Super. 2013), ***Commonwealth v. Valentine***, [101 A.3d 801 (Pa. Super. 2014)], ***Commonwealth v. [Hopkins]***, 117 A.3d 247 (Pa. 2015), and ***Commonwealth v. Wolfe***, 121 A.3d 433 (Pa. 2016), constitute illegal sentencing claims that any fact that, by law, increased the penalty for a crime is not an "element" that must be submitted to the jury and found beyond a reasonable doubt?

(3) Does not the PCRA Court's answer fail to address Petitioner's illegal sentencing claims that non-compliance with Pa.R.Crim.P.'s [sic] create no bar to reviewing the application by the trial court in any meaningful way, for it also fails to even mention the applicability of 42 Pa.C.S. § 9542 action established in 42 Pa.C.S. pt. VIII, ch. 95, subch. B shall be the sole means of obtaining collateral relief and encompass all other common law and statutory

---

[1] In ***Montgomery***, the Supreme Court determined that the holding of ***Miller*** is a substantive rule of constitutional law to which state collateral review courts were required, as a constitutional matter, to give retroactive effect. In ***Miller***, ***supra***, the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile homicide offenders." ***Miller***, 132 S.Ct. at 2469.

remedies for the same purpose that exist when subch. B takes effect, before denying the PCRA motion as without merit and untimely filed?

Our standard of review is well established. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007)).

Instantly, the PCRA court dismissed Garcia's petition as untimely filed. The PCRA requires that any petition must be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Moreover, it is important to note that "although illegal sentencing issues cannot be waived, they still must be presented in a ***timely*** PCRA petition." ***Commonwealth v. Taylor***, 65 A.3d 462 (Pa. Super. 2013) (emphasis added).

Garcia's judgment of sentence became final on December 17, 2003, at the expiration of the 30-day time limit for filing a direct appeal in this Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, he had one year from that date, or until December 17, 2004, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). He did not file the instant petition until March 15, 2016, more than eleven years late. Accordingly, the PCRA court had no jurisdiction to entertain Garcia's petition unless he established one of the exceptions to the jurisdictional time bar.

A PCRA court will entertain an otherwise untimely petition if the petitioner pleads and proves that: (1) the failure to raise a timely claim was the result of interference by government officials; (2) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (3) the right asserted is a constitutional right that has been recognized by the United States Supreme Court or the Supreme Court of Pennsylvania after the one-year time period, and has been held to apply retroactively. *Id.* Any petition invoking one of these exceptions must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2]

All of Garcia's issues on appeal are grounded in his assertion that his sentence is illegal and should be vacated pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[3] In *Alleyne*, the Court held that an element of an offense that increased the mandatory minimum sentence must be found by a jury beyond a reasonable doubt. 133 S. Ct. at 2155.

---

[2] Notably, Garcia filed his petition within 60 days of the date of the filing of *Montgomery*.

[3] While Garcia's PCRA petition cites to *Miller* and *Montgomery* as support for his entitlement to relief, he only argues *Alleyne* in his brief and in his Pa.R.A.P. 1925(b) concise statement. However, even if Garcia's *Miller*/*Montgomery* claim were preserved on appeal, he would not be entitled to relief as he was not sentenced to life without parole. *See Miller*, *supra* (juvenile convicted of homicide offense *cannot be sentenced to life in prison without parole* absent consideration of juvenile's special circumstances in light of principles and purposes of juvenile sentencing).

However, in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), the Supreme Court of Pennsylvania held that although **Alleyne** establishes a new rule of federal constitutional law, it does not apply retroactively to cases pending on collateral review. **Washington, supra** at 820. Moreover, pursuant to **Commonwealth v. Riggle**, 119 A.3d 1058, 1064 (Pa. Super. 2015), **Alleyne** will only be applied to cases pending on direct appeal when **Alleyne** was issued. Here, **Alleyne** was issued ten years after Garcia's sentence could have been directly appealed. Accordingly, Garcia is not entitled to relief; the trial court lacked jurisdiction to consider his petition and properly dismissed it as untimely. **Taylor**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2017